JACOBINE JOHNSON, Respondent, v. CITY OF ST. JOSEPH, Appellant.

Kansas City Court of Appeals, December 1, 1902.

1. **Municipal Corporation:** LIABILITY FOR STREET DEFECT: OPENING. A city is not liable for accidents on streets until its officers do something evincing an intention to assume jurisdiction over such streets. Then the obligation to keep them in repair begins.

2. ———: ———: ———: EVIDENCE. The formal acceptance and approval of a plat of an addition, and user by the public of streets in such addition, do not of themselves impose on a city the obligation to keep the streets in repair, but they are evidence to go to the jury, and in this case taken in connection with other evidence were sufficient to send to the jury the question whether the city had assumed jurisdiction of the streets so as to impose the obligation to keep in repair.

3. ———: INJURY ON STREET: CARE OF INJURED PARTY: INSTRUCTION. An instruction set out in the opinion and defin-

ing the care that should be exercised by a party injured on a street to authorize a recovery, is held not erroneous, though unusual.

4. ————: CONCURRENT NEGLIGENCE: DRIVER OF VEHICLE. Where a party is injured by a defect in a street while riding in a vehicle over it, the concurrent negligence of the driver, if not an employee, will not preclude a recovery against the city.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson*, Judge.

AFFIRMED.

*Kendall B. Randolph* for appellant.

(1) The court erred in permitting the witness, Poteet, to testify as to the amount of voluntary travel over the road, termed by the pleadings Thirty-second street. Downend v. Kansas City, 156 Mo. 60; Carle v. DeSoto, 156 Mo. 443. (2) The court erred in admitting in evidence, over the objections of the defendant, special ordinance, number 512, showing the approval of the plat on the Oak Hill addition and also committed a like error in admitting in evidence the plat of both Mason Place and Oak Hill, and also committed error in admitting, over the objections of the defendant, permit number 7729, authorizing the setting of telephone poles, and also permit number 7284, permitting a plumber to open Lafayette street for the purpose of making a water connection, and also erred in admitting in evidence special ordinance number 2655, directing the water company to lay a main and street fire-hydrants. None of this evidence was competent to show acceptance of the street by the city, and all of it is governed by the same rule. Downend v. Kansas City, supra; Carle v. DeSoto, supra; Moore v. Cape Girardeau, 103 Mo. 470; Hunter v. Weston, 111 Mo. 176. (3) The court erred in overruling the demurrer to the evidence offered by the defendant city at the close of the plaintiff's evidence, and also after all of the evidence was in. There was no evidence whatever that Thirty-second street was a street of the city or had been ac-

cepted or adopted as such, and neither was there any evidence whatever that the street was in a dangerous condition. See authorities cited, supra. (4) The plaintiff's fourth instruction is erroneous because it tells the jury that if plaintiff was using such care as might be reasonably expected from an ordinarily prudent person at the time and under the circumstances then surrounding the plaintiff, then the jury must find that she was exercising reasonable care at said time. The correct rule is that the person must use such care as is ordinarily used by ordinarily prudent persons. Cohn, v. Kansas City, 108 Mo. 392. (5) The fifth instruction given for plaintiff is not the law. The driver of the wagon was the plaintiff's son. She had put herself in the wagon under his charge, had agreed to go with him and to be driven by him, and his negligence is to be imputed to her. Hicks v. Railway, 124 Mo. 115.

*J. A. Connett* and *J. F. Woodson* for respondent.

(1) The evidence in regard to the extent of the public travel over the street on which the injury occurred was properly admitted by the court as tending to show a recognition of the street by the city. The cases cited by appellant do not sustain his statement that such evidence was not admissible. Downend v. Kansas City, 156 Mo. 60. This is the settled rule in Missouri. There is nothing in the authorities cited by appellant militating against this position. (2) Appellant's demurrers were properly overruled. Baldwin v. Springfield, 141 Mo. 205; Downend v. Kansas City, supra; Maus v. City, supra; Meiners v. St. Louis, 130 Mo. 284. (3) Plaintiff's fourth instruction properly defined the degree of care required on the part of plaintiff. Powers v. Ins. Co., 91 Mo. App. 55; Cohn v. Kansas City, 108 Mo. 392, cited by appellant in opposition to this instruction seems to expressly authorize and approve rather than condemn same. (4) Plaintiff's fifth instruction was not erroneous. It stated the

correct rule on the doctrine of imputed negligence. Becke v. Railway, 102 Mo. 544; Dickson v. Railway, 104 Mo. 491.

BROADDUS, J.—The plaintiff is a woman who, at the time of the injury complained of, was about seventy years of age.   She alleges that on the night of about the seventeenth day of August, 1901, while riding in a wagon with two other persons and her son, the latter of whom was driving, and while passing along on Thirty-second street in defendant city it was noticed that they were driving among the weeds lining said street; that it was a dark night and there being no street lamps or lights of any kind in that vicinity and that the son in attempting to guide the team into the beaten path unwittingly pulled them the wrong way so that the wagon and its occupants were precipitated down a perpendicular embankment several feet in height, throwing plaintiff out of said wagon and on to the ground with great force and violence and from which fall she sustained serious and permanent injuries; that said embankment ran lengthwise with said Thirty-second street and about the center thereof and was caused by the east side of said street being graded down so that the surface of said east side was five or six feet lower than the surface on the west side.

It was admitted on the trial of the case that on December 1, 1899, the limits of the city were extended so as to take in the place where the injury occurred, including the property on the east side thereof for a width east and west of one block and extending about one-half mile south to what was known as Mitchell avenue.

The following copy of plats of "Mason Place Addition" and "Oak Hill Addition" will assist in a proper understanding of the case:

Johnson v. City of St. Joseph.

It will be seen from said plat that Mitchell avenue is the first street south of Penn street and south of where the injury occurred. It is also shown by said plat that the first street north of the place of accident is Penn street, the second is Seneca street, the third is Lafayette street, and the fourth is Olive street. The west half of said Thirty-second street from Mitchell avenue north to and beyond Olive street was dedicated in October, 1888, and the other half in April, 1889.

On May 17, 1900, the defendant city by special ordinance directed the St. Joseph Water Company to extend its water mains on Twenty-eighth street from Penn street north to Seneca street, thence east on Seneca to Thirty-second street, and to erect fire-hydrants at each corner of said Seneca street at the intersection of Twenty-eighth, Twenty-ninth, Thirtieth, Thirty-first and Thirty-second streets, respectively. The defendant's city engineer on September 25, 1900, issued a

permit to a telephone company to open Olive street, Thirtieth street and Thirty-first street for the purpose of setting up telephone poles. And in May, 1900, authorized a plumbing company to open Lafayette street between Thirty-first and Thirty-second streets for the purpose of making water connections for block 9, Oak Hill addition.

It was also shown that Thirty-second street had been used by the public as a public highway. There was no evidence other than that stated tending to show that the city assumed jurisdiction and control of said street, and there was no material conflict in the evidence.

There was a finding and judgment for the plaintiff from which the defendant city appealed. At the close of plaintiff's case the defendant submitted a demurrer to the evidence which was overruled. The principal contention is that the plaintiff upon her own showing was not entitled to recover.

In Downend v. Kansas City, 156 Mo. 60, the court held that the approval by a city council of a plat of a proposed addition to a city "is in no sense an acceptance of a street thereon as a public highway, nor does it cast upon the city the duty of keeping such street in repair. Not until the properly authorized city officers do some act evidencing an intention to assume jurisdiction over the street does the obligation of the city to keep it in repair begin, and not till then is the city liable for a failure to do so." And that, "mere user by the public will not establish a street nor impose on the city a duty to keep it in repair." See also Carle v. De Soto, 156 Mo. 443. "A city is not required to open or put all its streets in a condition for public travel, nor is it liable for the condition of a street that is merely on paper." Hunter v. Weston, 111 Mo. 176. "A city will not be liable in damages to a property-owner from injuries resulting from its failure to maintain and keep in repair an alleged street, where it has neither by ordinance nor use accepted the premises as a street." Moore v. Cape Girardeau, 103 Mo. 470.

The law being well settled as to the duty of a city in respect to its streets, the question with which we have to deal in the present case is, was there any evidence tending to show that the defendant city had accepted the street in controversy, and that it had exercised such jurisdiction and control over it as imposed upon the city the duty of keeping it in repair, and rendering it liable for a failure so to do? It is true that in the case of Downend v. Kansas City, supra, it was held that "mere user by the public will not establish a street," etc., but we are not to draw the conclusion from such holding that user by the public is not evidence tending to show that fact. Nor are we to conclude that the approval by a city council of a plat of a proposed addition to such city may not, in connection with other circumstances, be competent evidence of the intention of the city to assume jurisdiction over the streets in such addition. In Baldwin v. Springfield, 141 Mo. 205, it was held: "The mere dedication of a street to public use by means of a recorded plat, *does not alone* render the city liable for negligent failure to keep the street in repair. It is necessary to show further that the street *has been accepted and its use as such invited or sanctioned by the city,* and such invitation or sanction may be given *by the acts of its proper officers as well as by ordinance*" (italics ours).

The defendant city by formally accepting the dedication of the street to public use and approving the plats of "Mason Place" and "Oak Hill" additions, by passing an ordinance requiring the water company to place a hydrant therein for use in case of fires, by the acts of its engineer in authorizing a telephone company to place poles in the streets of said additions, and by authorizing a plumbing company to make water connections through Lafayette street to block 9 in said Oak Hill addition, did, in our opinion, coupled with the public use of the street, evidence an intention to assume jurisdiction and control thereof. It was for the jury, under proper instructions, to determine the probative force of the evidence, and consequently the action of

the court in refusing to give defendant's demurrer to the evidence was proper. It is true, some of the evidence going to make the plaintiff's case was of slight importance, but we consider that the act of the defendant in ordering a hydrant to be put on the street in question, for its use, had an important bearing on the question involved, as it appears to us that the city could not well have assumed to have said hydrant placed where it had no right and no control.

The defendant complains of the action of the court in giving, among other instructions, numbers four and five, the first of which read as follows: "If the plaintiff at the time of the injury complained of was using such care as might reasonably be expected from an ordinarily prudent person at the time and under the circumstances then surrounding plaintiff, then the jury must find that she was exercising reasonable care at said time." In Cohn v. City of Kansas, 108 Mo. 392, two instructions were given by the lower court, one of which told the jury that the fact that plaintiff knew the condition of the street would not prevent a recovery, "if she used such care in attempting to pass along said street as persons ordinarily use under such circumstances;" and the other was to the effect that "ordinary care is just such care as a person should ordinarily exercise under like circumstances." In reviewing the case the Supreme Court held, in the course of its opinion, that both these instructions were bad and that "ordinary care is that care which a prudent person ordinarily uses under like circumstances, which is another and different thing from such care as persons ordinarily use under like circumstances." While the instruction complained of in this case is somewhat faulty in expression, it tells the jury in effect that the care required of the plaintiff was that of an ordinarily prudent person under the circumstances. The question in such cases is always, did the plaintiff act in the matter as a person of ordinary prudence would have acted in a similar situation. The instruction, properly

considered, was not an erroneous expression of the law, although an unusual one.

The fifth instruction in effect tells the jury that though the driver of the wagon in which plaintiff was riding was guilty of negligence which contributed directly to the injury, that such negligence can not be imputed to the plaintiff. The ground for objection to this instruction is that the driver of the wagon was the son of the plaintiff, and that she had put herself under his charge, and that therefore his negligence is to be imputed to her. In Becke v. Railway, 102 Mo. 544, it was held that "a passenger on the vehicle of a common carrier, who is injured by the concurrent negligence of the driver and a third person, is not precluded from a recovery against the latter because of the concurring negligence of the driver." As it did not appear that the son who was driving the wagon was in the employ of plaintiff, his negligence can not be imputed to the plaintiff." Dickson v. Railway, 104 Mo. 491.

We believe that what has been decided practically covers every material point raised in the case. For the reasons given the cause is affirmed. All concur.