EDNA JANE DINGER, Respondent, v. LESTER BURNHAM, Appellant, No. 41615—228 S. W. (2d) 696.

Division Two, April 10, 1950.

*Dearing & Matthes* and *Joseph G. Stewart* for appellant.

466

*Raymond S. Roberts* and *J. B. Schnapp* for respondent.

BOHLING, C.—Edna J. Dinger sued Lester Burnham for $25,000 damages for personal injuries sustained when an automobile in which she was riding collided with one of defendant's trucks. The trial resulted in a verdict for defendant. Plaintiff's motion for a new trial was sustained on the ground an instruction imputing the negligence of plaintiff's son to her, in the event of a finding he was acting as her agent at the time, was not supported by any substantial evidence. The defendant appealed. He claims there was sufficient evidence on which to base the instruction and, in addition, that the ▮▮▮▮ instruction is but the converse of a given instruction for plaintiff. The issue of the sufficiency of the evidence to sustain the giving of the instruction calls for the facts favorable to defendant.

On July 21, 1947, Carl Stacey was driving defendant's truck, loaded with about five tons of gravel, westwardly on Main street in Fredericktown, Missouri. Main street runs into the street surrounding the courthouse square. It is 48 feet 10 inches wide and the street around the square is 54 feet 9 inches wide. Stacey brought the truck to a full stop at the stop sign for the courthouse square. He then started in low gear and entered the street around the square, intending to turn south, which turn was permissible. When about the length of his truck (15 feet) into the street, Stacey noticed a Chevrolet sedan, the Dinger automobile, approaching, possibly 50 feet south, moving north at about 20 miles an hour. There was sufficient room for the sedan to pass behind the truck and Stacey had no occasion to believe the two automobiles would come into collision. The truck traveled about another 15 feet, had its front about 4 to 6 feet east of the west curb, leaving approximately 28 feet of open space behind or to the east of the truck for the sedan to pass, when the left front wheel of the Dinger sedan struck the left rear wheel of the truck. The truck did not move, or moved only a foot or two after the impact.

The sedan was being operated by Charles Dinger, with his mother, plaintiff, on the front seat beside him. Asked if he put on the brakes, Charles Dinger answered: "Yes, sir. Q. What happened? A. Well, I didn't much want to put on my brakes until he hit me."

The following testimony of plaintiff at a former trial was offered in evidence as an admission against interest:

"Q. You knew that you were riding in an automobile being driven by a boy only fifteen? A. Yes, sir. Q. And it was your intention to have the boy park the automobile and you were going to a show? A. Yes, sir. Q. And you had made the trip to town that night with your boy driving? A. Yes, sir. Q. So that you could go to a show? A. Yes, sir."

The Dinger family lived at Roselle, Missouri. On July 21, 1947, Charles drove his parents to Fredericktown. Mr. Dinger was to attend to some business. Mrs. Dinger was to attend a show. She did not know how to drive an automobile. Charles was fifteen years of age. However, he had procured a driver's license to operate an automobile, having made a false affidavit that he was sixteen years old. § 8450, R. S. 1939, Mo. R. S. A. Mr. Dinger got out at the Womack hotel. He testified he owned the sedan and told his son to drive around the square and park. The collision occurred while Charles and his mother were on the way to park the car.

The facts and the law involved under the evidence favorable to defendant distinguish plaintiff's cases, cited infra, from the instant case, as will be developed hereinafter. 42 C. J. 1124, § 887, nn. 31-34; Johnson v. City of St. Joseph, 96 Mo. App. 663, 71 S. W. 106, 109[3]; Myers v. Hauser (Mo. App.), 61 S. W. 2d 214, 215, and Silsby v. Hinchey (Mo. App.), 107 S. W. 2d 812, 815. (See 60 C. J. S. 1143, § 445; 5 Am. Jur. 699, §§ 360, 361.) A distinguishing feature is that in plaintiff's authorities there was no showing that the driver was a minor, or incompetent, or that the parent owed any duty to the public with regard to the driver or the operation of the vehicle.

Defendant quotes 2 C. J. 440, § 35, reading: "The relation of agency cannot be inferred from mere relationship or family ties unattended by conditions, acts, or conduct clearly implying an agency. But proof of certain close relationships, such as those of husband and wife, parent and child, or brother and sister, is usually entitled to considerable weight, when taken in connection with other circumstances, as tending to establish the fact of agency." See also 2 C. J. S. 1048, c. He argues that the facts that plaintiff was ▮▮ present in the automobile; that the automobile was being driven by her son; that her son was fifteen years of age; that he was operating the automobile in violation of the law of this state; that plaintiff admitted she intended for him to park the automobile so she could go to a show are sufficient to sustain the instruction. He refers to

an observation in Keim v. Blackburn (Mo.), 280 S. W. 1046, 1047[2, 3]; 42 C. J. 1123, § 886, n. 23; and Morken v. St. Pierre, 147 Minn. 106, 179 N. W. 681[2]. In the Morken case a recovery was upheld against a mother who was riding in an automobile owned by a son and being driven by another son, 14 years old. The court said: "We think that the evidence, aided by the inference from the youth of the boy, is sufficient to sustain the finding that he was operating the automobile under the control and direction of his mother and that she is liable for his negligence." And see McKerall v. St. Louis-S. F. Ry. Co. (Mo. App.), 257 S. W. 166, 170[10].

We think other factors are for consideration.

Parents may become liable for resulting injuries when they entrust an instrumentality, capable of becoming a source of danger to others, to an incompetent or a reckless child, or when the law prohibits the entrusting of the instrumentality to the child. 46 C. J. 1331, §§ 170, 171; 60 C. J. S. 1057, §§ 431, 434; 39 Am. Jur. 692, §§ 56, 58, 59; 5 Am. Jur. 696, § 355; 5 Blashfield, Automobile Law, 255, § 3093; 3-4 Huddy, Automobile Law, 81, § 43; Restatement, Torts, § 390. An automobile is not a dangerous instrumentality per se (Michael v. Pulliam (Mo. App.), 215 S. W. 763, 764[3]), but it may become such when entrusted to an immature, incompetent, or reckless minor (Saunders v. Prue, 235 Mo. App. 1245, 151 S. W. 2d 478, 482[2]). Our statutes regulating the use of the highways by motor vehicles provide in part: "No person under the age of sixteen (16) years shall operate a motor vehicle on the highways of this state." § 8401 (i), R. S. 1939, Mo. R. S. A. Its violation, made an offense (§ 8404(d), Id.), may make the owner of the automobile liable for the negligence of the operator. Roark v. Stone, 224 Mo. App. 554, 30 S. W. 2d 647; Daily v. Maxwell, 152 Mo. App. 415, 424, 133 S. W. 351, 353. The mother, as well as the father, may become liable for permitting a child to have and use a dangerous instrumentality. Charlton v. Jackson, 183 Mo. App. 613, 167 S. W. 670.

The Missouri Motor Vehicle Driver's License law, § 8446, R. S. 1939, Mo. R. S. A., provides: "The commissioner shall not issue any license hereunder: 1. To any person, as an operator, who is under the age of sixteen (16) years * * * ." It follows that there is no authority to issue a driver's license to one under the age of sixteen years, and that the license secured by Charles Dinger was void and of no force and effect. Consult Schultz v. Morrison, 154 N. Y. S. 257, 259[4], 91 Misc. 248, affirmed; 172 App. Div. 940, 156 N. Y. S. 1144.

In addition, said law specifically provides:

"No person shall cause or knowingly permit his child or ward under the age of sixteen (16) years to drive a motor vehicle upon any highway when such minor is not authorized hereunder or in

violation of any of the provisions of this article.'' § 8466, R. S. 1939, Mo. R. S. A.

Also: ''No person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is not authorized hereunder or in violation of any of the provisions of this article.'' § 8467, Id. See also §§ 8446, 8451, 8455, Id.

Violations of these sections are made misdemeanors. §8468, Id. Their provisions apply in civil as well as criminal actions. Consult Roark v. Stone, supra; Sluder v. St. Louis Transit Co., 189 Mo. 107, 88 S. W. 648, 5 L. R. A. (N. S.) 186; among other cases. The word ''his'' applies to both men and women. § 652, Id.

The purpose of statutes regulating and affecting automobile traffic on the highways is the promotion of the safety of the public. They are valid exercises of the police power. Automobiles may be safer than horse-drawn vehicles when prudently driven but the special training required for their operation and their potential power to harm when improperly operated imposes a duty to keep them out of the hands of the immature, the incompetent, and the reckless. The facts of the instant case demonstrate the wisdom of the legislation. Our statutes declare that one under the age of sixteen years conclusively does not possess the requisite care and judgment to operate motor vehicles on the public highways without endangering life and property.

A finding by the jury that Charles Dinger was negligent in operating the sedan was fully warranted under the facts of record. No contention is presented respecting the submissibility of the issue of his negligence. Section 8466, supra, imposed the duty upon plaintiff to prevent the operation of the automobile on the highways of this state by her fifteen-year old son. He was violating the law while operating the automobile. Plaintiff's purpose was to have her son park the automobile so she could attend a show. She was accomplishing this through his acts. She breached a duty the law imposed upon her for the protection of the public when she permitted him to operate the automobile for that purpose without asserting her parental authority to prevent it. She consented to, was present, participating in and accepting the benefits of his acts. He was her active agent in accomplishing her purpose and breaching her duty to the public. His acts were her acts and his negligence in the operation of the automobile was imputable to her. At least a jury could so find.

The foregoing disposes of the submissibility of the issue of agency on the merits. The technical issue of plaintiff injecting the issue of agency in one of her instructions and inviting the error, if error, and possibly other matters, need not be developed.

Accordingly, the order granting plaintiff a new trial is set aside and the cause is remanded with directions to reinstate the verdict

470

of the jury and enter judgment thereon. *Westhues, C.*, concurs; *Barrett, C.*, concurs in result.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. *Tipton, J.*, concurs in result; *Leedy, J.*, and *Ellison, P. J.*, concur.