**Anna Mae RUSSELL (Plaintiff), Respondent,**

v.

**Bernice BAILEY (Defendant), Appellant.**

No. 30303.

St. Louis Court of Appeals.

Missouri.

May 17, 1960.

Motions for Rehearing and Transfer to Supreme Court Denied June 13, 1960.

McClintock & Medley, Flat River, for appellant.

Robert A. McIlrath, Flat River, Derrick & Holderle and Tyree C. Derrick, St. Louis, for respondent.

WOLFE, Presiding Judge.

This is an action for damages arising out of personal injuries. The plaintiff was injured when an automobile in which she was riding turned over. The defendant was the driver of the car. The trial resulted in a verdict and judgment for $3,000 in favor of the plaintiff, and the defendant appealed.

The petition charged that the defendant negligently operated an automobile, in which the plaintiff was a passenger, at a high and dangerous rate of speed, and that the automobile ran off of the highway, and that the defendant turned it back onto the highway so abruptly that it turned over, injuring the plaintiff.

The answer charges that the plaintiff was negligent in failing to exercise ordinary care for her own safety in that she knew that the defendant was an unskilled driver, only fourteen years of age, and not licensed to drive an automobile under the laws of Missouri.

The defendant was fifteen years of age at the time of the trial and fourteen years old at the time of the occurrence giving rise to this action. A guardian ad litem was duly appointed for the defendant. The plaintiff was her older sister. The age of the plaintiff is not indicated. The defendant, although only fourteen years of age, was married. She did not have a driver's license, and she had never passed a driver's test. She had no high school driver training. All of this was known to the plaintiff. The plaintiff also knew that one had to be sixteen years of age to obtain a license under the laws of Missouri.

On June 3, 1957, the defendant, driving her husband's car, called at the plaintiff's home in Rivermines. The defendant was on her way to Desloge to get a money

order for her father. At the time two younger sisters were at the plaintiff's home, and the plaintiff and the two younger girls went with the defendant in the defendant's husband's car to Desloge. After going there, the defendant, with the other three, went to Flat River to get some gasoline so that she and her three sisters could drive to Old Mines to visit another sister who lived there. They drove to Potosi and proceeded northwardly on Highway 21.

The defendant was driving at a speed of about 40 to 45 miles per hour. She was driving rather close to the center line when a car going in the opposite direction and also traveling close to the center line passed them. The plaintiff said that "about 500 feet or a quarter of a mile" beyond the point of passing the other car, the defendant headed the automobile for the shoulder of the road. A front wheel went off of the pavement on to the shoulder. According to the plaintiff, the defendant "slammed on her brakes and swerved it back sideways and turned it over in the middle of the highway and scooted to the other side". After the car turned over it came to rest on its top on the opposite side of the highway.

The injuries that the plaintiff suffered by reason of the accident have no bearing upon the issues before us and need not be set out. The defendant was rendered unconscious and had no recollection of the accident thereafter.

The plaintiff knew that the defendant had at various times operated automobiles, and had been doing so for over a year. The plaintiff had ridden with the defendant on one prior occasion.

The sole point raised on this appeal is that the court erred in refusing to direct a verdict for the defendant when the defendant so moved, on the ground that the plaintiff was guilty of contributory negligence as a matter of law. This motion was predicated upon the theory that one knowingly riding with an unlicensed and inexperienced driver is guilty of contributory negligence as a matter of law. The defendant relies upon the fact that § 302.060 (2) RSMo 1949, V.A.M.S., provides that no license to operate a motor vehicle shall issue to any person who is under the age of sixteen. It is contended that since the plaintiff by her own admissions knew that the defendant was violating the law in driving an automobile, the plaintiff was guilty of contributory negligence as a matter of law when she went for a ride with the defendant. We are cited to Dinger v. Burnham, 360 Mo. 465, 228 S.W.2d· 696, 700.

That case does not rule on the matter we have under consideration. It was a suit for damages arising out of a collision of an automobile and a truck. The plaintiff was a passenger in the automobile, and her fifteen-year old son was driving. The court pointed out in the course of its opinion that § 302.260 RSMo 1949, V.A. M.S., makes it a misdemeanor to allow an unlicensed person to operate an automobile, but the matter was decided upon the question of agency, with the court concluding that the son's acts were those of his mother, the plaintiff. The court stated: "His acts were her acts and his negligence in the operation of the automobile was imputable to her. At least a jury could so find."

It thus appears that even in the face of a violation of the statute, the Supreme Court did not declare plaintiff negligent as a matter of law. The plaintiff in the case before us had no control over the automobile, and she violated no statute although she knew that the defendant was doing so in operating the automobile. In McCloskey v. Renne, 225 Mo.App. 810, 37 S.W.2d ·950, the Kansas City Court of Appeals, in considering facts somewhat similar to those before us, held that an injured person was not guilty of contributory negligence as a matter of law by reason of riding as a guest in a car driven by one known by the guest to be an inexperienced driver. The rule as stated in Bashfield Cyclopedia of Automobile Law and Practice, Vol. 4, p. 599, is as follows:

"* * * the accepted rule is that the passenger who accepts the ride with knowledge of the driver's incompetence, inexperience, or imprudence affords thereby substantial indicia of his contributory negligence; nevertheless he is not ipso facto and per se chargeable with contributory negligence because, having such knowledge, he does ride. Thus, the fact that an automobile guest knows the driver to be inexperienced in the operation of motor vehicles does not make him contributorily negligent as matter of law."

See also Stewart v. Farley, 364 Mo. 921, 269 S.W.2d 896.

We conclude that the question of plaintiff's contributory negligence under facts such as those present is a matter for the jury to determine, and the judgment is affirmed.

ANDERSON and RUDDY, JJ., concur.