Morris **HAWKINS**, Plaintiff-Respondent,

v.

**ALLEN CAB COMPANY**, a corporation, and **Johnnie Joyner**, Defendants-Appellants.

No. 33359.

St. Louis Court of Appeals, Missouri.

July 28, 1970.

Motion for Rehearing or for Transfer to Supreme Court Denied Sept. 11, 1970.

Librach & Heller, by Thomas B. Maue, Allan D. Jerger, St. Louis, for plaintiff-respondent.

Sam Weber, Alan B. Weber, Burton H. Shostak, St. Louis, for defendants-appellants.

CLEMENS, Commissioner.

Plaintiff motorist got a $1,000 verdict and judgment based on humanitarian negligence of defendant Allen Cab Company and its driver Johnnie Joyner. The defendants appeal, seeking an outright reversal for error in letting plaintiff's case go to the jury or, in the alternative, a new trial because the trial court limited closing jury argument.

Since we do not reach the question of submissibility, for reasons hereafter given, we merely summarize the verdict-consistent evidence: Kingshighway, a north-south street in St. Louis, has six ten-foot lanes—three for each direction, divided by painted stripes. Plaintiff, headed west, was slowly crossing Kingshighway through heavy traffic. He "inched his way" to the middle of Kingshighway, and with his front end extending six inches across the center line he stopped to let southbound traffic pass. During plaintiff's half-a-minute stop in this position he saw defendants' southbound cab, still 50 feet away, approaching at 30 miles an hour in the inside lane, the lane into which the front end of plaintiff's car was protruding. In the lane to the cab's right, five feet away, a transport truck was moving parallel to the cab at the same speed. The cab changed neither speed nor direction and its left side scraped across the front end of plaintiff's car.

Defendants first complain that the trial court erred in denying their "motion for a directed verdict filed at the close of all the evidence * * *." The trouble is the defendants filed no such motion. They had filed a motion for directed verdict at the close of plaintiff's case, but when that was denied the defendants offered evidence and thereby waived the denial of that motion. Polovich v. Sayers, Mo., 412 S.W.2d 436 [2]. To preserve a challenge to the submissibility of a plaintiff's case a defendant must move for a directed verdict at the close of all the evidence. By not doing so then he is, in

effect, asking the trial court to submit the case to the jury, and he may not later complain about submissibility. Millar v. Berg, Mo., 316 S.W.2d 499 [2].

Defendants' other point arises from closing argument about plaintiff's lost work time at the post office. Plaintiff had testified he lost 30 days' work but the defendant then brought in the custodians of plaintiff's work and dispensary records. These records refuted plaintiff's testimony about lost time. In closing argument defense counsel stressed the fact that he, not plaintiff's counsel, had produced the record custodians. Then: "And if Mr. Maue [plaintiff's trial counsel] was trying to convince you that he had lost 30 days, he had those records here when the man was testifying, why didn't he ask the man from the Public Health Department about those, the records were here and you know it's because Mr. Hawkins wasn't telling the truth. MR. MAUE: Well, I will object to that. THE COURT: Sustained. The records were equally available to both parties."

The trial court apparently considered this argument as a criticism of plaintiff's counsel for his failure to produce a witness. Such argument is improper when a missing witness is "equally available" to each party. A lack of equal availability depends upon such factors as 1) one party's superior means of knowing the existence and identity of a witness or 2) a relationship between a party and a witness that would reasonably make the witness favor one party against the other. Adam Hat Stores, Inc. v. Kansas City, Mo. App., 307 S.W.2d 36 [8–12]. The witness here was a custodian of government records and fell into neither category 1) nor 2). He was, as the trial court ruled, equally available.

Defendants contend however that their argument was not a criticism of plaintiff's failure to produce the witness but of plaintiff's failure to interrogate him and that sustaining plaintiff's objection curtailed their intended argument that plaintiff had failed to corroborate his own testimony about lost time. The transcript shows that both before and after the court's ruling defense counsel hammered away at plaintiff's lack of credibility as shown by the discrepancy between his lost-time testimony and the official records. Since defense counsel covered the point so fully we cannot see how the court's ruling prejudiced the defendants. A trial court has a broad discretion in ruling on both the impropriety of jury argument and the prejudicial effect of its rulings. On appeal we defer to that discretion unless abuse is apparent. Bertram v. Wunning, Mo.App., 385 S.W.2d 803 [7]. We see none here; defendants' point is denied.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion by CLEMENS, C., is adopted as the opinion of this court. Accordingly, the judgment is affirmed.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.

On Motion For Rehearing

PER CURIAM.

On motion for rehearing or in the alternative to transfer to the Supreme Court appellants' counsel have shown that a motion for directed verdict was in fact filed at the close of all the evidence but through their error the motion was not included in the transcript filed herein. We have considered the issue of submissibility under Civil Rule 79.04, V.A.M.R., and conclude there was no manifest injustice in submitting to the jury the issue of defendants' humanitarian negligence. The motion is denied.