Kevin E. **EVANS**, Respondent,

v.

**ALLEN AUTO RENTAL AND TRUCK LEASING, INC.,** Appellant.

No. 59887.

Supreme Court of Missouri,
En Banc.

Sept. 12, 1977.

Max W. Foust, Kansas City, for Kevin E. Evans, respondent.

Roy A. Larson and Laurence R. Tucker, Morris, Larson, King, Stamper & Bold, Kansas City, for Allen Auto Rental & Truck Leasing, Inc., appellant.

DONNELLY, Judge.

This is a "negligent entrustment" case.

In June, 1972, Allen Auto Rental leased a pickup truck to Bruce E. Conrad. On October 2, 1972, Conrad, while operating the truck leased to him by Allen Auto Rental, collided with a motorcycle on which Kevin E. Evans was a passenger. Evans sued Conrad and Allen Auto Rental and obtained a judgment in the amount of $137,500 against Conrad and Allen Auto Rental. Allen Auto Rental appealed to the Kansas City District of the Court of Appeals where the judgment was affirmed. The cause was then transferred to this Court by this Court and will be decided here "the same as on original appeal." Mo.Const. Art. V, § 10.

In *Bell v. Green*, 423 S.W.2d 724, 732 (Mo.banc 1968), this Court spoke of "negligent entrustment" as follows:

".  .  . We refer, by way of analogy, to the line of authorities holding that the owner of a car may be liable if he, knowingly or having the means of knowledge, turns his car over to a driver who is incompetent by reason of age, inexperience, habitual recklessness or otherwise; such liability further depends upon a finding that the act of the owner concurs

with the negligence of the driver as a proximate cause of the injury. *Thomasson v. Winsett*, Mo.App., 310 S.W.2d 33; *Dinger v. Burnham*, 360 Mo. 465, 228 S.W.2d 696; *Saunders v. Prue*, 235 Mo. App. 1245, 151 S.W.2d 478; *Lix v. Gastian*, Mo.App., 261 S.W.2d 497; *Ritchie v. Burton*, Mo.App., 292 S.W.2d 599; 8 Am. Jur.2d, Automobiles, § 573, p. 125; Restatement of Torts, Vol. 2, § 390, and illustrations listed at p. 316; 36 A.L.R. note, loc. cit. 1148; 68 A.L.R. note, loc. cit. 1013; 100 A.L.R. note, loc. cit. 923."

In 2 Restatement, Law of Torts, Second, § 390, it is stated:

"One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them."

In Woods, *Negligent Entrustment, Evaluation of Frequently Overlooked Source of Additional Liability*, 20 Arkansas Law Review 101, 102 (1966), the following are said to be necessary ingredients in an entrustment case:

"(1) Proof that the entrustee was incompetent, inexperienced or reckless; (2) that the entrustor 'knew or had reason to know' of the entrustee's condition or proclivities; (3) that there was an entrustment of the chattel; (4) that the entrustment created an appreciable risk of harm to the plaintiff and a relational duty on the part of the defendant; (5) that the harm to the plaintiff was 'proximately' or 'legally' caused by the negligence of the defendant."

■ We have reviewed the above, and other authorities, and now conclude and hold that the essential elements which must be shown in order to invoke the doctrine of "negligent entrustment" are:

(1) that the entrustee is incompetent by reason of age, inexperience, habitual recklessness or otherwise;

(2) that the entrustor knew or had reason to know of the entrustee's incompetence;

(3) that there was an entrustment of the chattel; and

(4) that the negligence of the entrustor concurred with the conduct of the entrustee as a proximate cause of the harm to plaintiff.

Plaintiff's Instruction No. 2 reads as follows:

"Your verdict must be for plaintiff against defendant Allen Auto Rental and Truck Leasing, Inc. if you believe:

"First, defendant leased the 1972 Chevrolet Pick-up Truck to Bruce E. Conrad, and

"Second, at the time defendant leased the 1972 Chevrolet Pick-up Truck to Bruce E. Conrad it knew or should have known that he was an habitually negligent driver, and

"Third, that in leasing the 1972 Chevrolet Pick-up Truck to Bruce E. Conrad defendant was thereby negligent, and

"Fourth, that Bruce E. Conrad thereafter permitted the 1972 Chevrolet Pick-up Truck to come into collision with the rear of the motorcycle upon which plaintiff was riding as a passenger, and

"Fifth, Bruce E. Conrad was thereby negligent, and

"Sixth, such negligence of Bruce E. Conrad directly combined with the negligence of defendant Allen Auto Rental and Truck Leasing, Inc. to cause damage to plaintiff."

■ We hold that the case must be reversed and remanded because Instruction No. 2, a verdict-directing instruction, failed to require a finding of "all essential fact issues necessary to establish the legal proposition on which the right to the verdict is based." *Fitzpatrick v. Ford*, 372 S.W.2d 844, 849 (Mo.1963).

■ The instruction is prejudicially erroneous because it failed to require a finding that at the time Allen Auto Rental leased the truck to Conrad, Conrad was not competent to drive the truck. Proof of the

entrustee's incompetence is essential to establish liability under the doctrine of "negligent entrustment." *Saunders v. Prue,* 235 Mo.App. 1245, 151 S.W.2d 478, 483 (1941); *Leone v. Doran,* 363 Mass. 1, 292 N.E.2d 19, 28 (1973); *McCarty v. Purser,* 379 S.W.2d 291, 294 (Tex.1964).

The judgment is reversed and the cause remanded.

HENLEY, RENDLEN and SEILER, JJ., and HOUSER and McMILLIAN, Special Justices, concur.

BARDGETT, J., concurs in separate concurring opinion filed.

MORGAN, C. J., and FINCH, J., not sitting.

BARDGETT, Judge, concurring.

I concur in the principal opinion but desire to state that, in my view, the plaintiff does not necessarily make a submissible case of negligent entrustment of an automobile merely upon a showing of prior accidents or prior convictions of motor vehicle offenses or prior suspensions and revocations of his driver's license and knowledge of the same by the entrustor, if, at the time of the lease, the entrustee is legally entitled to operate the automobile upon the public streets of Missouri.