**Jamie LeBLANC, Plaintiff/Appellant,**

v.

**Wendy PATTON, Defendant/Respondent.**

No. ED 89539.

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 2, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 19, 2008.

Application for Transfer Denied April 15, 2008.

Brian N. Burns, St. Louis, MO, for appellant.

Beth Clemens Boggs, Wade Thomas, co-counsel, St. Louis, MO, for respondent.

BOOKER T. SHAW, Judge.

Appellant Jamie LeBlanc sued Respondent Wendy Patton in tort after Respondent's unsupervised four year old daughter shifted Respondent's idling car out of park, causing it to roll into Appellant's car and injure Appellant. The trial court granted summary judgment in favor of Respon-dent. Appellant asserts three points of trial court error. In her first point, Appellant contends that she made a submissible case of negligent supervision. In her second and third points, Appellant argues that she made a submissible case of negligence, and there exists a genuine issue of material fact, relating to Respondent's failure to maintain secondary brakes in compliance with section 307.170(3) RSMo. We reverse and remand with respect to point I, but we dismiss points II and III for lack of jurisdiction.

## I. Facts and Procedural History

On May 20, 2003, Appellant pulled into the Convenient Food Mart in O'Fallon and parked at a pump to put gas in her SUV. Respondent pulled into a parking space and entered the store to use the ATM, leaving her daughters, Alexis (11) and Skylar (4), inside the vehicle with the motor running. Skylar climbed out of her car seat and disengaged the gear shift from the park position, causing the car to roll backward into Appellant's car. Appellant filed a petition alleging that Respondent was negligent for leaving Skylar in an unsecured, idling vehicle.[1] Appellant sought damages of $1,500 for medical treatment.

## II. Discussion

Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371 (Mo.1993). Appellate review is essentially *de novo*, and the Court will review the record in the light most favorable to the party against whom judgment was entered. *Id.* at 376.

---

1. Appellant's petition does not specifically plead negligent supervision, but the parties' subsequent arguments frame the issue as such.

## Negligent Supervision

Missouri law holds parents liable for the torts of their minor children in five circumstances: (1) where the relationship of master and servant exists and the child is acting within the scope of his authority accorded by the parent; (2) where a parent is negligent in entrusting to the child an instrument which, because of its nature, use, and purpose, is so dangerous as to constitute, in the hands of the child, an unreasonable risk to others; (3) where a parent is negligent in entrusting to the child an instrumentality which, though not necessarily a dangerous thing of itself, is likely to be put to a dangerous use because of the known propensities of the child; (4) where the parent's negligence consists entirely of his failure reasonably to restrain the child from vicious conduct imperiling others, when the parent has knowledge of the child's propensity towards such conduct; and (5) where the parent participates in the child's tortious act by consenting to it or by ratifying it later and accepting the fruits. *National Dairy Products Corp. v. Freschi*, 393 S.W.2d 48, 54 (Mo.App. E.D.1965).

Respondent argues that the facts and analysis of *National Dairy* are similar to the instant case. There, a three year old boy crept out of his house early one morning, unbeknownst to his parents, climbed into a milk delivery truck, and released the brake, causing the truck to roll down a hill and into a neighbor's house. The plaintiff alleged that the boy's parents were negligent for failing to restrain their son. This Court affirmed the trial court's directed verdict in favor of the defendants because the plaintiff presented no evidence that the boy had been known to climb into vehicles (referring to exception # 3). Based on the *National Dairy* analysis set forth in Respondent's motion for summary judgment, the trial court determined that no genuine issue of material fact existed, and Respondent was entitled to judgment as a matter of law.

But *National Dairy* is factually distinguishable in that, there, the parents were unaware of the child's escape. Here, by contrast, Respondent deliberately left two young children in an idling vehicle without an emergency brake. While an automobile is not a dangerous instrument *per se*, it may become such when entrusted to an immature, incompetent, or reckless minor. *Dinger v. Burnham*, 360 Mo. 465, 228 S.W.2d 696, 699 (1950). See also *D&R Stonger v. Riggs*, 21 S.W.3d 18, 22–23 (Mo. App.W.D.2000). Pursuant to Missouri law (section 302.250) and common sense, four and eleven year old children are too immature, incompetent, and reckless to be entrusted with an automobile. Appellant made a submissible case under exception # 2. Point I is granted.

## Negligence Per Se

In Appellant's second and third points, she contends that the trial court erred in granting Respondent's motion for summary judgment because Appellant made a submissible case of negligence, and a genuine issue of fact existed, with respect to Respondent's violation of section 307.170(3), which requires that all vehicles have two sets of adequate brakes in good working order.

As a threshold matter, Appellant never pled this theory in the trial court. Appellant's petition merely alleges that Respondent "failed to take appropriate precautions to make sure that the car would not be moved." No statutory duty is articulated. Appellant's first and only reference to Respondent's non-compliance with section 307.170(3) appears in her statement of additional facts, filed concurrent with her memorandum opposing Respondent's motion for summary judgment.

Appellant failed to amend her petition to plead this new theory. Pursuant to Rule 55.05, a petition must contain a short and plain statement of the facts showing that the pleader is entitled to relief. The failure to plead facts showing entitlement to the relief sought deprives the trial court of jurisdiction to grant it. *Brock* at 56. A trial court's power to decide questions is limited to those matters presented in the pleadings or tried by express or implied consent. *AAA Uniform and Linen Supply, Inc. v. Barefoot, Inc.*, 17 S.W.3d 627, 630 (Mo.App.W.D.2000). Because Appellant's claim of statutory negligence was not presented to or decided by the trial court, this Court has no jurisdiction to review it. Section 512.160.1 RSMo 2006. Points II and III are dismissed.

### III. Conclusion

The trial court's summary judgment on Appellant's claim of negligent supervision is reversed and remanded for further proceedings.

LAWRENCE E. MOONEY, P.J., and NANNETTE A. BAKER, J., concur.