JAMES COLLINS, PLAINTIFF IN ERROR, v. MICHAEL LANGAN, DEFENDANT IN ERROR.

1. Where two experts were employed by a party to make an estimate of the cost of repairing a building that had been damaged by the defendant, and one of such experts had died, the other being called as a witness, it was not competent for such survivor to testify with respect to the opinion of his deceased associate.

2. When a street commissioner, without authority, put materials on a street, thereby raising its surface, in the estimation of the damages sustained by such act, it could not be assumed that, by force of such circumstances, the grade of the street had been permanently elevated.

----

On error to the Middlesex Pleas.

Argued at February Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, REED and GUMMERE.

For the plaintiff in error, *Aaron E. Johnston.*

*Contra, Alan H. Strong.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This suit is for the damages occasioned to the house and lands of the plaintiff by raising the grade of the street in front of them.

The defendant was street commissioner, but the court instructed the jury that he had no authority to elevate the street as he had done. The plaintiff owned the land to the centre of the public way, and the consequence was that the defendant, for putting earth upon this part of the plaintiff's prop-

erty, stood in the attitude of an ordinary trespasser. It was claimed that the damage thereby done consisted principally in causing the water in time of rain to flow upon these premises, carrying with it the surface dirt and other filth.

The verdict was for the plaintiff, the temporary damage being estimated by the jury at $15, and the permanent at $100.

This judgment must be reversed; the trial was erroneous on two grounds.

The first error consists in the admission of illegal testimony on the part of the plaintiff. An estimate had been procured by the plaintiff of the cost of the reparation of his premises, which had been made by two experts chosen by him, one of whom had died. The surviving estimator was a witness for the plaintiff, and, in the face of the protest of the defendant, was allowed to state not only his own computation of the expense of the restoration of the property, but likewise the concurrence of his deceased companion in that respect.

The views expressed by the deceased expert were plainly incompetent. He was the private agent of the plaintiff and out of all relationship with the defendant. What he said, therefore, was the purest hearsay. It is impossible to sustain a judgment founded, in part, on such illegal testimony.

The second legal fault in the trial was that the case was put to the jury, both by the counsel of the plaintiff and by the trial judge, upon the theory that the defendant had permanently raised the street in front of the property in question. The verdict, by its terms, shows that the damages have been estimated on that basis.

That this was an untenable hypothesis is obvious at a glance. The court rightly held that, in raising this street, the defendant was a mere trespasser, the consequence, of course, being that the act done by him was illegal and was not possessed of any quality that would impart to it the character of a permanent condition. The earth illegally placed in the public way, and which wrongfully elevated its grade, could at any time be removed by the owner of the contiguous

land. In fact, at the trial, the defendant, to make a case against him, was proved to be a trespasser; and then, to enhance the damages, the thing done by him was treated as legal and therefore permanent.

Let the judgment be reversed.