STATE of Iowa, Appellee,

v.

Dennis Wayne JOHNSON, Appellant.

No. 54030.

Supreme Court of Iowa.

Jan. 19, 1971.

William W. Hardin, Knoxville, for appellant.

Richard C. Turner, Atty. Gen., Michael J. Laughlin, Asst. Atty. Gen., and Pat Myers, County Atty., for appellee.

MOORE, Chief Justice.

On this appeal following his conviction and sentence for larceny of property valued at more than $20 defendant, Dennis Wayne Johnson, asserts the trial court erred in sustaining the State's motion in limine and overruling his motions for mistrial and new trial. We affirm.

Defendant was charged by county attorney's information with' stealing cash of over $20 from Fred Vander Ecken in Marion County, Iowa on or about June 17, 1968. He entered a plea of not guilty and in the morning before trial the State filed a motion in limine.

The motion requested the trial court to order defendant and his counsel not to question any juror or to make any reference in opening statement or to elicit or attempt to elicit any testimony which would disclose that any restitution had been made by defendant to Vander Ecken for thefts taking place before the date of the alleged crime.

Defendant filed or stated in the record no resistance to the motion in limine. It was submitted on counsel's arguments off the record. This of course results in an incomplete and unsatisfactory record on appeal.

Following arguments of counsel the trial court referred to an instrument dated February 23, 1969 signed by Vander Ecken and wife agreeing to accept $400 as restitution and not press further charges. The court ruled this instrument or any evidence pertaining to it would be immaterial and prejudicial to a fair trial. The court observed the question was whether defendant had committed larceny on June 17, 1968 as charged and evidence of prior thefts and restitution was not material in the case at bar. The State's motion in limine was sustained. The court directed both counsel not to refer to prior thefts or restitution. His order included, "but he (Vander Ecken) may be asked about how he arranged the cash register and what happened there, testify as to what he saw and observed". Defense counsel noted an exception.

As the State's first witness Vander Ecken told of his ownership and operation of a grocery store and gasoline station at Melcher and identified several photographs of the premises. He testified defendant came into the store about 11:50 a.m. June 17, 1968 and asked for gas. No other customer was then in the store. Vander Ecken was asked "Now, you stated he asked you to have some gas. Did you go—What did you then do?" He answered, "Well, first thing I did was shut the drawer, and I had sort of a trap set for there because I had been missing money twice before."

Defense counsel stated: "I object to this, Your Honor. Incompetent, irrelevant and immaterial."

The court ruled: "The jury will disregard the latter remark in regard to missing money once or twice before, and the objection is sustained to that extent."

Out of the jury's presence this record was made:

"MR. HARDIN: Your Honor, I ask that a mistrial be called at this time, that the State has already violated the ruling of the Court in connection with the Defendant's motion in limine this morning, that the Defendant has very carefully avoided any mention of any of the matters and the—or, the State's main witness having been on the stand about two minutes, deliberately violated the ruling of the Court and ask that a mistrial be called. I do not feel that the Court's cautioning the jury adequately protects the Defendant here, nor does it in any way abide by the ruling of the Court on the motion this morning.

"MR. MYERS: I might add, the State did admonish its witnesses. This was not —it's in response to a question that—

"MR. HARDIN: It's still clearly in violation of the Court's ruling on what the witnesses would be allowed to testify to.

"THE COURT: Well, the Court is going to overrule the motion. I think the statement was a voluntary one on the part of the witness and I believe the admonition is sufficient to correct any prejudice that might have come out of it. There was no attempt to connect any prior thefts with this Defendant by the testimony and the mere fact that a trap was set going to the jury, they probably would infer from that, I suppose, some money had been lost before. I don't believe that this remark is sufficiently prejudicial, as long as the State doesn't go into the matter any further, as far as any prior losses might be involved. Therefore, the Court is overruling your motion for a mistrial." No

motion in limine by defendant is found in the printed record or trial transcript.

Vander Ecken testified he had a string from his cash drawer to a sign hanging in his store window, while he was putting gas in defendant's car, the sign moved and he rushed back into the store where he observed defendant back of the counter near the cash drawer. Defendant ran to the end of the counter to near an ice cream cooler where he was seized by Vander Ecken. Defendant was restrained until another customer entered the door and the sheriff was called. A short time later Sheriff Shives arrested defendant. None of Vander Ecken's money was found on defendant's person. After defendant was taken away, Vander Ecken checked his cash drawer and found a shortage of $460.

Vander Ecken further testified the sheriff returned to the store that evening and told him to look behind his ice cream cooler for his money. Vander Ecken did so and there found and recovered 23 twenty dollar bills.

Sheriff Shives testified he advised defendant of his constitutional rights upon their arrival at the court house and thereafter defendant admitted taking money from Vander Ecken's cash drawer. Defendant stated he had hidden the money back of the ice cream cooler. The sheriff related how he had returned to the store and directed Vander Ecken to his money.

Defendant offered no evidence but renewed his motion for mistrial which was denied. The jury found defendant guilty as charged and fixed the value of the property stolen at $460.

Defendant's motion for new trial alleged the court erred in sustaining the State's motion in limine and for the first time asserted the restitution agreement "should have been allowed to go before the jury on the matter of the credibility of said witness, Vander Ecken". Defendant's motion for new trial was overruled and a presentence investigation ordered.

As part of the presentence proceeding Vander Ecken was called as a witness by defendant. He identified an agreement dated February 25, 1969 submitted to him by defendant's grandfather. It acknowledged payment of defendant's debt resulting from prior thefts and his agreement not to press any further charges. The trial court noted "repayment doesn't constitute a defense to the crime of larceny". Obviously any repayment was for thefts prior to June 17, 1968 as defendant did not get out of the store with any money on that date.

I. Defendant argues a motion in limine is not authorized by our civil or criminal rules of procedure. This is true. However, recently in most jurisdictions, including ours, such motions are commonly used. The inherent power of the court to control and manage the trial of any litigation is sufficient authority for their use. It is the trial court's duty to insure a fair and just trial to each litigant. Our review of the development and use of such motions as found in Lewis v. Buena Vista Mutual Insurance Association, filed January 12, 1971, need not be repeated here. Our earlier cases in which a motion in limine was used are cited and discussed in Lewis.

II. The primary purpose of a motion in limine is to avoid disclosing to the jury prejudicial matters which may compel declaring a mistrial. The trial judge is thereby alerted to an evidentiary problem which may develop in the trial. It should not, except upon a clear showing, be used to reject evidence. Careful procedure dictates the trial court's order on a motion in limine should prohibit disclosure of questionable evidence until the court during trial in the jury's absence has been presented an offer and objection. Thus a proper record may be made for review on appeal. Hartford Accident and Indemnity Co. v. McCardell, Tex., 369 S.W.2d 331, 335; Aetna Casualty and Surety Company v. Finney, Tex.Civ.App., 346 S.W.2d 917, 1919; 5 Washburn L.J., 232, 233; 46 Neb.

L.Rev. 502, 503, 504. For an excellent discussion of motions in limine see the Workshop Outline of the 92nd Annual Meeting of the Iowa Bar Association, 1965, prepared and presented by Ross H. Sidney, a member of the Iowa bar.

III. The trial court properly sustained defendant's objection to Vander Ecken's voluntary reference to "missing money twice before". It related to an immaterial matter as would restitution of the money so lost.

The State cannot prove against a defendant any crime not alleged in the indictment either as a foundation for separate punishment or as aiding the proofs he is guilty of the crime charged. The exceptions to the rule may be classified as follows: Evidence as to other offenses is competent to establish (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme embracing the commission of two or more crimes so related to each other that proof of one tends to prove the others, and (5) the identity of the person charged with the commission of the crime on trial. State v. Gill, 259 Iowa 142, 145, 143 N.W.2d 331, 333, and citations. None of the exceptions are applicable here.

IV. We find the trial court did not err in overruling defendant's motion for a mistrial. Prompt withdrawal of testimony that is improper with such an admonition to the jury as was given here leaves no ground for complaint except in extreme instances where it is manifest its prejudicial effect remained and influenced the verdict despite its exclusion. Castner v. Wright, 256 Iowa 638, 652, 127 N.W.2d 583, 591; State v. Olson, 249 Iowa 536, 554, 86 N.W.2d 214, 225; State v. Miskell, 247 Iowa 678, 689, 690, 73 N.W.2d 36, 42, 43, and citations. It is rather difficult to understand how reference to "missing money twice before" would result in prejudice to defendant. The evidence of connecting a string from the cash drawer to the sign in the window is a clear indication defendant had previous loss.

V. Defendant's motion for new trial asserted the same ground as that in his motion for mistrial. Also on the new ground that evidence of receiving restitution by Vander Ecken for prior thefts went to his credibility. Assuming arguendo, that evidence some how did go to his credibility, no such contention was made prior to the motion for new trial. It came too late.

It was defendant's duty to make an offer during trial of evidence offered for a limited purpose. Where the admissibility of evidence is not apparent the offeror has a duty to disclose to the court its materiality. Lemke v. Mueller, Iowa, 166 N.W.2d 860, 870, 871, and citations. Here defendant made no offer and did not state until the motion for new trial his contention evidence of restitution would affect the credibility of Vander Ecken.

We conclude from our review of the entire record defendant had a fair trial. The trial court did not err in refusing to grant a new trial.

Affirmed.

All Justices concur.