**William TWYFORD, Jr., Appellant,**

v.

**Dale WEBER et al., Appellees.**

**No. 56299.**

Supreme Court of Iowa.

Aug. 28, 1974.

Herbert M. Spector, of Spector, Taber & Tappa, Rock Island, Ill., and McDonald & McDonald, Davenport, for appellant.

Lane & Waterman, Davenport, for appellees.

Heard before MOORE, C. J., and MASON, LeGRAND, REES, and UHLENHOPP, JJ.

MASON, Justice.

William Twyford, Jr., brought this law action for damages against Dale Weber, Arno L. Jensen and Medical Associates, a partnership of several doctors with whom Weber and Jensen are associated in the practice of medicine in Clinton, for alleged negligence in treating Twyford's injured hand. Trial resulted in a jury verdict for defendants. Plaintiff's motion for new trial was overruled and he appeals from judgment based on the adverse verdict contending the trial court erred in excluding slides and photographs of plaintiff's injured hand and giving instruction 4 to the jury.

Twyford injured his hand while working for painting contractor Murray Stewart at the Collis Company Plant in Clinton. The injury occurred about 12:00 noon August 6, 1968, while plaintiff was cleaning a high pressure paint spray gun with Oleum paint thinner. Plaintiff accidentally hit the spray gun trigger and injected about two tablespoons of Oleum into the palm of his left hand just below the longer finger.

Twyford was immediately taken to Medical Associates and examined by Dr. Weber who cleaned and bandaged the wound, applied salve thereon, administered a tetanus shot, prescribed pain pills and advised plaintiff to rest in bed. That evening the pain became so intense plaintiff returned to Medical Associates and was examined by Dr. Jensen. Similar treatment was given. The following day plaintiff was admitted to a hospital and given antibiotic pills and four shots.

After August 10 the condition of the hand became worse. Plaintiff's fingers became blacker, his arm began to puff up and get darker and the pain became worse. August 13 plaintiff was transferred to the University of Iowa Hospital in Iowa City. Upon his arrival a photographer took black and white and color slides of his arm and hand.

At trial plaintiff's exhibits 1–A through 4–A, 8 × 10 prints made from copies of the color slides taken at the hospital, were initially admitted into evidence. When the photographer testified these color prints were somewhat distorted from the original slides, those exhibits were removed from the jury's consideration and exhibits T–1

through T–4, being the slides from which the pictures were made, were substituted. Plaintiff's exhibits A, B and C, copies of the black and white slides, were likewise admitted.

One hour after arrival at the University Hospital plaintiff underwent surgery to drain the Oleum and determine the extent of tissue damage. Four days later his long finger and ring finger to the second joint were amputated and gangrenous tissue removed.

The same photographer took further slides, (exhibit T), of plaintiff's arm and hand apparently both during and after surgery. Plaintiff's attorneys received copies of these slides, (exhibit W), and made prints from these slides (exhibits 1–A to 21–A).

Before trial defendant filed a motion in limine asking the court to instruct plaintiff, his attorneys and his witnesses not to mention before the jury without first obtaining the court's permission that these slides were taken at the University Hospital. Defendant's motion alleged, inter alia, that the slides " * * * would have no benefit or value to a jury, would cause sickness among the jurors, sympathy for the plaintiff and create passion and prejudice against defendants."

The trial court ruled none of the slides could be so mentioned but that plaintiff's exhibits 1–A through 4–A could be offered into evidence and introduced provided there was proper foundation, and subject to later objection. As noted above, exhibits T–1 through T–4 were later substituted.

The court further provided in the order that, "Insofar as the remaining slides (part of Exhibit W) are concerned, it is the order of the Court that in the absence of the jury there may be evidence introduced and preliminary to the offer of said slides which will be at that time passed upon and exceptions taken; and

"This order as now made is excepted to upon the part of both parties or both sides;

and it is the understanding of the Court that no reference shall be made without further permission secured upon the part of the attorneys addressed to the Court in the absence of the jury in reference to the fact that extensive slides were taken during the surgery and immediately subsequent thereto."

I. As indicated, one of the issues presented for review by this appeal is whether the trial court abused its discretion in refusing to admit certain black and white and color photographs and slides of plaintiff's arm and hand which were offered as exhibits for jury consideration. In connection with plaintiff's written argument dealing with this issue he asserts at one point the trial court erred in its ruling on defendants' motion in limine.

A motion in limine has been defined as "a term used to describe a written motion which is usually made before or after the beginning of a jury trial for a protective order against prejudicial questions and statements." Burrus v. Silhavy, 293 N.E. 2d 794, 796 (Ind.App.1973).

This court has recently discussed the use of motions in limine in State v. Johnson, 183 N.W.2d 194, 197–198 (Iowa 1971); Lewis v. Buena Vista Mutual Insurance Association, 183 N.W.2d 198, 201 (Iowa 1971); State v. Garrett, 183 N.W.2d 652, 654–655 (Iowa 1971); and State v. Hinsey, 200 N.W.2d 810, 817–818 (Iowa 1972). There is also a discussion of this type of motion by Ross H. Sidney, a member of the Iowa Bar, appearing in the Workshop Outline of the 92nd Annual Meeting of the Iowa Bar Assn. 1965, hereinafter referred to as *Sidney*.

The function of a motion in limine is not only to exclude during the voir dire examination and opening statements, reference to anticipated evidence claimed to be objectionable because incompetent, irrelevant, immaterial or privileged but to also restrict opposing counsel in asking questions or making statements in offering such matters until the admissibility of the

questionable evidence can be determined during the course of the trial by presenting to the court in the absence of the jury such evidence by offer and objection. Its objective is to control such matters in advance and thus avoid disclosing to the jury prejudicial material which may compel declaring a mistrial. See State v. Johnson, 183 N.W.2d at 197–198.

■ It serves the useful purpose of raising and pointing out before trial certain evidentiary rulings the court may be called upon to make during the course of trial. The motion has the effect of advising the court and opposing counsel of the party's position on a particular matter and should effectively remove the problem when the argument is advanced by the offending party that the prejudicial evidence came in by sheer inadvertence.

■ It is not a ruling on evidence and should not, except on a clear showing, be used to reject evidence. It adds a procedural step to the offer of evidence. This type of motion should be distinguished from other types of pretrial motions or hearings such as the determination of the competency of a witness, the ability of a minor to testify, the admissibility of dying declarations, the determination of the voluntariness of a confession at an independent hearing thereon and a motion to suppress evidence by a party aggrieved by an unlawful search and seizure. In these situations the court's determination of admissibility ordinarily puts an end to the question in the trial court and controls the subsequent course of the action relative to all matters included in the ruling.

■ Motions in limine may have the effect of precluding the introduction of certain evidence at trial, yet they are not the same as a motion to suppress evidence and the basis of the latter is completely different. *Sidney*, page A–1.

■ If a motion in limine is granted the court in its ruling should provide and ad-vise counsel such ruling is without prejudice to the right to offer proof during the course of the trial, in the jury's absence, of those matters covered in the motion and if it then appears in the light of the trial record that the evidence is relevant, material and competent it may then be introduced, subject to opposing counsel's objections, as part of the record of evidence for the jury's consideration.

In other words, such orders, when the motion is sustained, must be so worded as not to preclude the right of the parties affected thereby to make their record in the absence of the jury, on any material evidentiary matter which they feel entitled to produce in support of their case in view of the trial record made at that point.

The procedure outlined in the two preceding paragraphs is substantially that followed in Mead v. Scott, 256 Iowa 1285, 1292–1293, 130 N.W.2d 641, 645 and is suggested as a proper method for handling the situation, *Sidney* at A–7, since it enables the aggrieved party to present a proper record for review on appeal. State v. Johnson, 183 N.W.2d at 197. In the absence of such a subsequent offer on the part of counsel operating under restriction the record on appeal may be so lacking as to not properly present to this court the setting in which the questionable evidence was claimed to be admissible.

We believe this to be true even though, "this court has not insisted on a subsequent record where the motion in limine *is granted* on hearing which is evidentiary in nature, the court is completely apprised of the factual situation and nothing occurs at trial to change the posture of the parties. * * * [citing authorities]." (Emphasis in the original). State v. Garrett, 183 N. W.2d at 654.

■ At the same time we recognize there may be situations presented where the evidence or statements are so prejudicial that there can be no situation developed during the course of the trial in

which such evidence could be logically claimed to be admissible. This is a case suggested by *Garrett* where "nothing occurs at trial to change the posture of the parties." No further record is then necessary.

■ On the other hand, where the motion is denied and opposing counsel attempts to ask the questions challenged in the motion or offer the prejudicial evidence covered therein, a proper objection at that time is necessary to preserve the right to complain on appeal that such questions asked or such evidence tendered were so prejudicial the mere asking or tendering would require a reversal. Stated otherwise, where the motion is denied the movant must base his complaint on the trial record. State v. Garrett, 183 N.W.2d at 655.

■ Examination of the record compels the conclusion the court's order in regard to the motion in limine is in conformance with the foregoing pronouncements. Plaintiff's contention otherwise is without merit.

II. We turn now to plaintiff's remaining argument relative to the presented issue.

At trial plaintiff made an offer of proof in regard to exhibits 5–A through 21–A. In brief, the expert witness testified plaintiff's exhibits 5–A, 6–A, 7–A, 8–A, 9–A, 16–A, 18–A and 19–A would be helpful in explaining and demonstrating to the jury the nature and extent of plaintiff's injuries. Upon plaintiff's attempt to introduce these exhibits into evidence defendants objected upon the grounds previously urged in the motion in limine and for several other reasons. The trial court sustained the objection. After an offer of proof with Twyford as the witness, exhibits 14–A, 19–A, 20–A and 21–A were offered in evidence. The court sustained defendants' objections on the same grounds as those

urged in the motion in limine. Exhibits 5–A, 11–A and 15–A were not themselves offered into evidence but the slides from which they were taken, exhibits T–5, T–11 and T–15, were later admitted. T–5 shows the nature and extent of the progression of the injury; T–11 shows the dorsal aspect of the hand and a part of the forearm; and T–15 is a picture of the dorsum or the back of plaintiff's hand.

Dr. Hoover, an expert witness for plaintiff, testified with the aid of exhibits 1–A to 4–A. He also testified about the nature and extent of the operations on plaintiff's hand and arm. Twyford himself testified about the surgical procedures.

Plaintiff maintains the excluded exhibits were admissible as an aid in explaining and demonstrating to the jury the nature of defendants' negligence in treating plaintiff's injured hand and the extent of the injury arising out of the alleged medical malpractice. Defendants maintain the trial court acted within its discretion in excluding the photographs.

■ The general rule in regard to photographs is that their admission or exclusion rests largely in the discretion of the trial court since it has the opportunity to examine the photographs and hear the evidence given by the witness who identifies them and describes what they show or do not show. Jacobsen v. Hala, 255 Iowa 918, 924, 125 N.W.2d 500, 503; Englund v. Younker Brothers, Inc., 259 Iowa 48, 55, 142 N.W.2d 530, 533–534; Van Horn v. Iowa Public Service Company, 182 N.W.2d 365, 369–370 (Iowa 1970); Harrison v. Ulicki, 193 N.W.2d 533, 535 (Iowa 1972); and authorities cited in these opinions. A ruling on the admissibility of photographs will not be interfered with upon appeal except upon a clear showing of abuse of discretion. Englund v. Younker Brothers, Inc., 259 Iowa at 55, 142 N.W.2d at 533–534 and Harrison v. Ulicki, 193 N.W.2d at 535–536.

In his brief plaintiff attempts to show exclusion of the photographs severely harmed the damage elements of his case by curtailing the testimony of Dr. Schwartz about plaintiff's condition. The offer of proof in regard to various excluded photos follows in brief. " * * * 5–A would aid me in explaining the amount of tissue damage and tissue loss of Mr. Twyford's left hand. The picture shows the extent of the surgery required to debride the hand." 6–A "would be helpful" in explaining tissue loss and blood clotting in the palm, and the initial extent of the Oleum penetration. 7–A "would aid in demonstrating to the jury the amount of tissue loss and muscle loss." 18–A and 19–A "would be helpful in explaining to the jury the nature and extent of the damages." 18–A gave a "better impression" of why some parts had to be surgically removed and demonstrated that deformity of the fingers was the result of scarring and contraction of the tendons. 16–A "would also help explain" the arm muscles involved and which muscles were weakened, and showed some of the muscle surgery. 9–A demonstrated "some of the work necessary for the tendon repair on some of the involved fingers still remaining" and would aid in explaining plaintiff's loss. 8–A showed the type of palmar incisions that were made to prevent excessive contraction of the palm.

Further offers of proof were made as to exhibits 14–A, 19–A, 20–A and 21–A. Mr. Twyford stated that 14–A showed the condition of his hand after the initial surgery. 19–A showed the condition of the hand after amputation but prior to skin grafting. 21–A showed his hand prior to amputation of the distal end of the index finger.

In regard to the offer of proof of Dr. Schwartz the fundamental use of the photos, as stated, would have been as an aid to him in explaining to the jury the extent of plaintiff's injuries. That is to say, they were not in and of themselves independent evidence. While adhering to the general principle that admission of photographs is within the discretion of the court, this court in Ingebretsen v. M. & St. L. R. Co., 176 Iowa 74, 83, 155 N.W. 327, 330, made this statement: " * * * Whether photographs are to be admitted or excluded is a question very largely, if not entirely, in the discretion of the court, and this is more emphatically the case where, as we have said, they are intended to perform the office of an illustration or diagram in aid of oral or written testimony, rather than as being in themselves independent evidence." See also Hansen v. Franklin County, 247 Iowa 1287, 1291, 78 N.W.2d 805, 807; Plumb v. Minneapolis & St. Louis Ry. Co., 249 Iowa 1187, 1200, 91 N. W.2d 380, 388; and Jacobsen v. Hala, 255 Iowa at 924, 125 N.W.2d at 503.

The same principle is stated in this fashion in State v. LaMar, 260 Iowa 957, 963–964, 151 N.W.2d 496, 500: "It is within the discretion of the trial judge to permit a witness to illustrate or explain his testimony by the use of maps, diagrams, pictures and physical objects." This statement is then followed by a lengthy quotation from McKee v. Chase, 73 Idaho 491, 253 P.2d 787, 792–793 and citation of other decisions.

There were 130 representations of plaintiff's hand and arm including 66 slides, 24 photographs, 5 X rays and 35 other photographs, black and white and color. Twenty-one of these were admitted. Of the remaining 109 some were excluded as duplicates of others, some were never offered and some were excluded on the basis their probative value was outweighed by the potential for prejudice.

Defendants argue the photographs are not a true and actual representation of the slides which were originally taken at the hospital. Subsequent to their admission into evidence exhibits 1–A through 4–A were found to be distortions of slides. The original slides were thereupon substituted for those exhibits.

■ The general rule is that for a photograph to be admissible in evidence it must be a correct and accurate representation of the relevant facts observed by the witness. Udell v. Peterson, 257 Iowa 474, 482–483, 133 N.W.2d 119, 124; Killary v. Burlington-Lake Champlain C. of C., Inc., 123 Vt. 256, 186 A.2d 170, 178; McCormick on Evidence, (Second Ed.), section 214, p. 530.

The record shows the photographs were a distortion of slides T-1 through T-4, but there is no evidence the other photographs were also a distortion of the slides. However, such could be easily assumed from the testimony of the photo-finisher who stated the photographs showed the darks darker and the lights lighter than the slides. At no point at trial or on this appeal does plaintiff contend the photographs were the most accurate representation of the scene.

The fact of distortion provides an alternate ground for defendant's argument the trial court properly exercised its discretion in excluding the photographs.

The record shows that photographs of plaintiff's hand upon entering the University Hospital were admitted into evidence; those not admitted were ones taken during surgery or immediately thereafter. The bloody and gruesome nature of the surgery is easily understandable. Perhaps photographs of the hand after surgery with various tubes inserted would be less gruesome but their admissibility would still rest mainly within the discretion of the trial court. It should also be noted some slides from the hospital sequence were later admitted for another limited purpose.

■ The fact photographs and slides may be gruesome or tend to create sympathy does not render them inadmissible if there is just reason for their admission. Udell v. Peterson, 257 Iowa at 482–483, 133 N.W.2d at 124.

In addition to the photographic exhibits admitted into evidence, plaintiff had the benefit of the testimony of a number of doctors, both in person and by deposition, of X rays, medical records, and of plaintiff's own testimony.

■ Under the foregoing circumstances shown by this record determination of the question of the admissibility of the photographs and slides offered by plaintiff was addressed to the sound discretion of the trial court. Although the court's ruling may, to some extent, be subject to the criticism it unduly restricts plaintiff's proof, particularly in view of the decisions of this court sustaining the trial court's discretion in admitting photographs in murder cases which are far more gruesome than those excluded here, State v. Albers, 174 N.W.2d 649, 657 (Iowa 1970) and State v. Niccum, 190 N.W.2d 815 (Iowa 1971), the principle remains that it is within the trial court's discretion to admit or exclude photographs. It is true the argument for reversal here is over exclusion rather than admission of photographs. Nevertheless, the same principle applies.

Plaintiff cites three cases as support for his argument that the trial court abused its discretion in excluding the photographs. Udell v. Peterson, 257 Iowa 474, 133 N.W. 2d 119; State v. Triplett, 248 Iowa 339, 79 N.W.3d 391; and Nolan v. Dillon, 261 Md. 516, 276 A.2d 36. We do not find them persuasive in support of plaintiff's position.

In reaching a determination of the question presented by this issue this court has considered every contention and argument urged by plaintiff in seeking reversal whether specifically mentioned or not in the course of the opinion.

It is our view there has not been a showing of abuse of the trial court's discretion. In support of our position see 4 Wigmore on Evidence, (Chadbourn Rev.), section 1158, where cases from practically every jurisdiction of the United States and Canada dealing with admissibility of photographs of personal injuries are collected.

All place determination of the question in the sound discretion of the trial court and most find no abuse.

■ III. In another contention plaintiff attempts to present as an issue for review the propriety of the trial court's instruction 4. The record discloses that before the instructions were read to the jury the court submitted its proposed instruction to counsel for both parties and inquired if they had any exceptions. At this point plaintiff's counsel replied, "No, I have no exceptions."

Under this record plaintiff's contention presents nothing for review. See rule 196, Rules of Civil Procedure, the applicable part of which rule as then in force is set out in State v. Carstens, 182 N.W.2d 119, 120–121 (Iowa 1970).

The case is therefore affirmed.