**STATE of Iowa, Appellee,**

v.

**William E. JUDKINS, Appellant.**

No. 57758.

Supreme Court of Iowa.

May 19, 1976.

Glenn E. Pille, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Michael W. Coriden, Asst. Atty. Gen., and Ray A. Fenton, County Atty., for appellee.

Heard by MOORE, C. J., and LeGRAND, UHLENHOPP, REYNOLDSON, and McCORMICK, JJ.

MOORE, Chief Justice.

On this appeal from conviction of forgery in violation of Code section 718.1 defendant asserts trial court erred in (1) allowing the State's handwriting expert to testify that defendant's expert confirmed his opinion and (2) refusing to prohibit testimony from proferred character witnesses in regard to defendant's prior felony conviction. We reverse on the first ground.

I. As it relates to the first issue raised by defendant the record discloses State's handwriting expert, Duane L. Barton, testified regarding his comparison of handwriting samples presented to him for analysis. He opined the signature on exhibit 1, the forged check, was written by the same person who wrote exhibits 4 and 5, handwriting samples by defendant. Cross-examination by defense counsel included:

"Q. Did you cross-check your opinion?

"A. I don't know for sure what you mean.

"Q. Any person in your laboratory, and assistants?

"A. I have none."

On redirect the State, over defendant's hearsay and violation of attorney-client privilege objections, was permitted to elicit from Barton testimony that his opinion had been confirmed by M. D. Huffman, a handwriting expert employed by defense counsel. In overruling defendant's objections trial court expressed the view cross-examination had "opened up the area." The trial court apparently thought the doctrine of curative admissibility was applicable.

Under that doctrine, when one party introduces inadmissible evidence, with or without objection, the trial court has discretion to allow the adversary to offer otherwise inadmissible evidence on the same subject when it is fairly responsive. *Vine Street Corporation v. City of Council Bluffs,* Iowa, 220 N.W.2d 860, 864; *State v. Williams,* Iowa, 171 N.W.2d 521, 529 and citations in each. See also 81 Am.Jur.2d, Witnesses, section 425, page 435; 98 C.J.S., Witnesses, § 419b, page 221.

However, the trial court erred as defendant on cross-examination did not introduce inadmissible evidence regarding an opinion on handwriting. The most that can be gleaned from Barton's testimony is that there was no other person in the state laboratory with whom he could cross-check his opinion.

II. Thus the hearsay objection issue is squarely presented. "Hearsay" is a statement, other than one made by declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. *State v. Rush,* Iowa, 242 N.W.2d 313; *State v. Kidd,* Iowa, 239 N.W.2d 860, 864; *Tonini v. Maloney,* Iowa, 228 N.W.2d 91, 93; *State v. Miller,* Iowa, 204 N.W.2d 834, 840.

Ordinarily hearsay consists of repetition of an out-of-court statement made by another. Here the State was permitted to submit "indirect" or "obscured" hearsay.

In McCormick on Evidence, (Second Ed.), section 249, pages 593, 594, the author writes:

"If the apparent purpose of offered testimony is to use an out-of-court statement to evidence the truth of facts stated

therein, the hearsay objection cannot be obviated by eliciting the purport of the statements in indirect form. Thus evidence as to the purport of 'information received' by the witness, or a statement of the results of investigation made by other persons, offered as evidence of the facts asserted out of court, have been held to be hearsay.  *  *  *."

See also Falknor, Indirect Hearsay, 31 Tul. L.Rev. 3.

█ Case authority demonstrates Barton's testimony that his opinion had been confirmed by Huffman was indirect or obscured hearsay.

In *Cornish v. The C. B. & Q. R. Co.,* 49 Iowa 378, we affirmed the trial court's hearsay ruling that an engineer may not testify that other engineers viewing the same waterway expressed an opinion consistent with his own.

In *Southern Farm Bureau Casualty Insurance Company v. Pumphrey,* Ark., 510 S.W.2d 570, a reversal was ordered where defendant was allowed to elicit testimony from a treating doctor that the specialist's opinion "was not inconsistent" with the doctor's own testimony. At page 571, the court states:

"  *  *  *.  Unquestionably it would be hearsay had the witness attempted to testify that, based upon what the specialist told him, the specialist's report was not inconsistent with his own. We are constrained to hold that the approach allowed at trial is impermissible inasmuch as it was doing indirectly what could not be done directly, i. e., a circumvention of the hearsay evidence rule.  *  *  *."

In *Collins v. Langan,* 58 N.J.L. 6, 32 A. 258, one of plaintiff's experts had died prior to trial. A surviving expert was allowed to testify the deceased expert had concurred in his evaluation of plaintiff's damages. The court said:

"  *  *  *.  The views expressed by the deceased expert were plainly incompetent.  *  *  *.  What he said, therefore, was the purest hearsay. It is impossible to sustain a judgment founded in part on such illegal testimony." Page 258, 32A.

In *Village of Ponca v. Crawford,* 18 Neb. 551, 26 N.W. 365, a doctor was allowed to state a group of examining physicians had "decided that [the tumor] was the result of an injury." The court concluded the statement was "simple hearsay" and at page 368, 26 N.W. stated:

"  *  *  *.  We know of no rule by which the testimony or opinions of expert witnesses may be produced in evidence, save by the usual methods of taking their testimony  *  *  *."

In *Whitfield v. Roth,* 10 Cal.3d 874, 112 Cal.Rptr. 540, 554–55, 519 P.2d 588, 602–03, the court held a doctor's testimony that 50 doctors had looked at the X-ray and found no abnormality was hearsay.

Where a doctor testified "we felt" the plaintiff's condition was primarily psychiatric, the court in *Patterson v. Kroger Company,* 54 Tenn.App. 243, 389 S.W.2d 283, 289, stated:

"  *  *  *.  The use of the pronoun 'we' indicates that he was relating another's opinion, which would make the excluded testimony hearsay, and therefore properly excluded as such.  *  *  *."

In *Prince v. Lowe,* 263 Ala. 410, 82 So.2d 606, two doctors testified a third had concurred in their diagnosis. At page 611 the court stated:

"It is our opinion that the lower court should have sustained the objections to the questions of Dr. Samford and Dr. Owsley which are quoted herein on the grounds that they called for hearsay evidence and they represented an attempt to bolster their testimony with that of a third party not under oath or subject to cross-examination.  *  *  *."

█ III. Error in admitting hearsay evidence must be presumed to be prejudicial unless the contrary is affirmatively established. *State v. Branch,* Iowa, 222 N.W.2d 423, 427; *State v. Mattingly,* Iowa, 220 N.W.2d 865, 869; *Vine Street Corporation v. City of Council Bluffs,* supra, Iowa, 220 N.W.2d 860, 863 and citations. The hearsay introduction of Huffman's opinion related to the main issue in this case and

obviously was introduced as proof defendant's handwriting was on the forged check. We hold trial court erred and defendant's conviction must be reversed. Consideration of defendant-appellant's contention there was a violation of attorney-client privilege is therefore unnecessary.

IV. Defendant-appellant's second assigned error requires additional reference to the record. At the close of the State's case-in-chief defendant's motion for directed verdict was denied. Trial counsel then asked trial court if the ruling on the pre-trial motion in limine relative to defendant's prior conviction would keep out such evidence if defendant introduced character testimony by prior employers. Trial court, without making a formal ruling, indicated use of character witnesses would open the door for cross-examination as to defendant's prior conviction.

Defendant's request for the court's views was merely tentative and advisory. It alerted trial court to the possibility of future rulings. Defense counsel thereafter made the tactical decision to submit no evidence. In other words defendant rested at the close of State's case-in-chief.

Assuming arguendo, counsel's inquiry was a motion in limine and the court's remarks constituted a ruling, nothing was preserved in the lower court for our review. Reversible error cannot be predicated on an order overruling a motion in limine. It must be predicated on a record made during trial when the evidence is offered. *State v. Bahl,* Iowa, 242 N.W.2d 298; *State v. Johnson,* Iowa, 222 N.W.2d 483, 485; *Twyford v. Weber,* Iowa, 220 N.W.2d 919; *State v. Garrett,* Iowa, 183 N.W.2d 652, 654, 655 and citations.

Our ruling on defendant's first assigned error requires reversal of his conviction.

REVERSED.