## 56860. HARLEY-DAVIDSON MOTOR COMPANY, INC. et al. v. DANIEL.

SMITH, Judge.

Harley-Davidson Motor Company, Inc., and Kelsey-Hayes, Inc., appeal from the trial court's judgment on a jury verdict against them. They allege the court erred in overruling their motion in limine, in admitting the evidence which was the subject of the motion in limine, in charging the jury, and in entering judgment upon an inconsistent verdict. Finding no reversible error, we affirm the judgment of the trial court.

Appellee sued Harley-Davidson of Atlanta, Inc., Harley-Davidson Motor Company, Inc., and Kelsey-Hayes, Inc., for injuries he sustained when the brakes failed on a Harley-Davidson motorcycle he was riding. Appellant Harley-Davidson Motor Company was the manufacturer of the motorcycle, and appellant Kelsey-Hayes was the manufacturer of an allegedly defective rear caliper brake piston seal on the motorcycle.

Prior to trial appellants filed a motion in limine seeking to prohibit the introduction of evidence concerning a recall campaign which was conducted by Harley-Davidson Motor Company in accordance with the National Traffic and Motor Vehicle Safety Act. The campaign consisted of letters written to owners of certain models warning them of "a defect . . . in the rear brake system of" their motorcycles, which defect was located in the rear brake caliper piston seal. Appellant owned one of the motorcycles upon which the campaign focused, and he received a recall letter subsequent to his injury.

Appellee's action against appellants, the manufacturers, was based upon strict liability in tort, and his action against Harley-Davidson of Atlanta, the dealer, was founded upon breach of warranty. The jury returned a verdict in favor of Harley-Davidson of Atlanta and against the appellants.

1. "A 'motion in limine' is a necessary adjunct to the trial court's inherent power to admit and exclude evidence. The trial court may issue protective orders against prejudicial questions or statements which could be uttered before a jury and thereby prevent a fair and impartial jury trial . . ." Burrus v. Silhavy, 293 NE2d 794, 797 (Indiana Court of Appeals, 1973). The trial court's denial of the motion in limine was not a ruling on evidence, however, and a proper objection at the time appellee profferred the evidence pertaining to the recall campaign was necessary for appellants to preserve the question of admissibility for our review. Redding v. Ferguson, 501 SW2d 717 (Texas Court of Civil Appeals, 1973); Simkins v. City of Davenport, 232 NW2d 561 (Iowa Supreme Court, 1975). ". . . [W]here the motion [in limine] is denied and opposing counsel attempts to ask the questions challenged in the motion or offer the prejudicial evidence covered therein, a proper objection at that time is necessary to preserve the right to complain on appeal that such questions asked or such evidence tendered were so prejudicial the mere asking or tendering would require a reversal. Stated otherwise, where the motion is denied the movant must base his complaint on the trial record." Twyford v. Weber, 220 NW2d 919, 924 (Iowa Supreme Court, 1974). ". . . [T]here is substantial authority for the

proposition that the denial of a motion *in limine* cannot in and of itself constitute reversible error. State v. Garrett, 183 NW2d 652 (Iowa 1971). The court there stated: 'It may be error (to deny a motion in limine) but cannot be reversible error. The reason is simple. The objectionable material has not yet reached the jury's ears. It may never reach the jury . . . It is only when the (objectionable) material is offered in the jury's presence that the harm or error, if any, has been done. Then of course, the movant, having made the motion in limine is in a much stronger position to claim error.' " Ory .v. Libersky, 389 A2d 922, 930 (Maryland Court of Appeals, 1978). There was no reversible error in the trial court's denial of the motion in limine, and appellants' failure to object at trial to the profferred evidence concerning the recall campaign resulted in a waiver of the right to appellate review of its admissibility. *Savage v. State,* 209 Ga. 374 (1) (72 SE2d 715) (1952).

2. Appellants complain of the trial court's failure to charge the jury as to the "limited purpose for which a recall letter may be considered." However, appellants neglected to request such a charge, and they expressed complete agreement with the charge given at the close of the evidence. We find no reversible error. Ga. L. 1968, pp. 1072, 1078 (Code Ann. § 70-207); *Sullens v. Sullens,* 236 Ga. 645 (224 SE2d 921) (1976).

3. Appellants likewise failed to preserve for appellate review their contention that the jury was inconsistent in returning a verdict against appellants but for Harley-Davidson of Atlanta. In the trial court appellants expressly agreed with the court's instruction that the jury could return the verdict now complained of. Neither did appellants object to the verdict on its return. Having explicitly acquiesced below, appellants cannot raise objection on appeal.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

ARGUED NOVEMBER 13, 1978 — DECIDED FEBRUARY 2, 1979 —
REHEARING DENIED FEBRUARY 22, 1979 — 

*Long, Weinberg, Ansley & Wheeler, Arnold Wright, Jr., Rosa Lord,* for appellants.

*Barnes & Browning, Roy E. Barnes, Henning, Chambers & Mabry, Peter K. Kintz, Ben F. Smith,* for appellee.

### ON MOTION FOR REHEARING.

In their initial appellate brief appellants' argument centered on the trial court's overruling their motion in limine. Our examination of the portions of transcript cited by appellants revealed that no appropriate objection was made concerning the admissibility of the recall evidence. Appellants never contended or suggested that a proper evidentiary objection had been raised, and we will not consider their rehearing assertion that such an objection was made. Rule 18 of Court of Appeals.

*Motion for rehearing denied.*