## 60992. WILLIAMS v. THE STATE.

BANKE, Judge.

This is an appeal from a conviction for possession of marijuana in violation of the Controlled Substances Act.

A police detective testified that as she and a partner were approaching an establishment known as "The Future Shock" one night in an unmarked police vehicle, she saw a person whom she identified as the appellant run from in front of that location to a nearby wooded area, drop something that looked like a brown paper bag, and run back. She retrieved the bag, and it was found to contain marijuana. Her partner corroborated her testimony that the appellant had run to the wooded area and back; however, he stated that he did not see anything in the appellant's hand. *Held:*

1. The appellant contends that the state's evidence was inherently incredible because, under the circumstances as related by the two detectives, the glare of the police vehicle's headlights would have made it impossible for him to identify the vehicle or its occupants as it approached; and thus he would have had no reason to run from it. This was clearly a matter for the jury to resolve. The evidence was sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Defense counsel asked the second detective the following question on cross examination: "There were a number of blacks and this is a rather populated area, is it not?" The witness responded, "It's a known drug hangout, yes, sir." Defense counsel moved the court to strike the answer as unresponsive, but the court did not do so.

"Ordinarily, on cross-examination, one can not take chances in propounding questions which may elicit damaging answers, otherwise inadmissible, and then have the answers stricken from the record; but this rule will not authorize illegal and inadmissible testimony which is not responsive to the question. [Cit.]" *Henderson v. State,* 208 Ga. 73, 75 (65 SE2d 175) (1951). An inadmissible and unresponsive comment by a law enforcement agent which tends to support the state's case is particularly objectionable, given the close working relationship between the police and the prosecution. Accord, *Boyd v. State,* 146 Ga. App. 359, 360 (246 SE2d 396) (1978); *Posey v. State,* 152 Ga. App. 216 (262 SE2d 541) (1979). For these reasons, we are constrained to hold that the trial court committed reversible error

in failing either to strike the offending comment or to instruct the jury to disregard it.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED NOVEMBER 3, 1980 — DECIDED
DECEMBER 1, 1980.

*Clayton Jones, Jr.,* for appellant.
*William S. Lee, District Attorney, Henry E. Scrudder, Assistant District Attorney,* for appellee.