A90A0713. LASHLEY v. THE STATE.
(396 SE2d 590)

</div>

BANKE, Presiding Judge.
The appellant appeals his conviction of possessing cocaine with

intent to distribute.

The appellant was arrested outside the Tanner Shopping Plaza in Atlanta. The arresting office testified that he and his partner were on plain-clothes detail and had placed the shopping plaza under surveillance for possible drug activity because they had made drug arrests there in the past and because they had received citizen complaints that drug activity was still taking place there. He stated that during the course of this surveillance he observed an individual whom he had previously witnessed making apparent drug sales to passing motorists hand the appellant, who was standing at a nearby pay phone holding the receiver but not speaking into it, a brown paper bag. He testified that he then observed the appellant place this bag behind an ice machine. Several persons, including the appellant, were subsequently arrested at the scene. A total of $3,786 was seized from the appellant's person incident to his arrest; and inside the brown paper bag, which was retrieved from behind the ice machine, were found 27 small ziplock bags containing cocaine. *Held*:

1. The appellant contends that the trial court erred in refusing to declare a mistrial in response to the conduct of the prosecuting attorney and several of the state's witnesses in referring to the arrest scene as a "known drug area." Prior to the commencement of the trial, the court had granted a motion in limine filed by the appellant seeking to exclude such testimony on the ground that it would be unduly prejudicial to him, but such references to the area were nevertheless made repeatedly during the trial. While the trial judge sustained the appellant's objections to these references, gave instructions to the jury to disregard them, and rebuked the state's attorney in front of the jury for making them, the appellant contends that their cumulative prejudicial effect was nevertheless so great as to deny him a fair trial. We disagree. The fact that the shopping plaza was known by the officers to be an area where illegal drugs were sold had at least tangential relevance to explain their conduct in placing it under surveillance. See *Davis v. State*, 242 Ga. 901 (6) (252 SE2d 443) (1979); *Moses v. State*, 166 Ga. App. 425 (2) (304 SE2d 528) (1983); *Stephens v. State*, 157 Ga. App. 414 (2) (278 SE2d 70) (1981). The statements did not suggest that the appellant had himself been involved in any previous criminal misconduct at that or any other location; and for this reason, as well as because the jurors were instructed to disregard the statements, the appellant could not have been greatly prejudiced by them. Accordingly, the trial judge did not abuse his discretion in denying the motion for mistrial. Compare *Williams v. State*, 156 Ga. App. 635 (275 SE2d 718) (1980).

2. The appellant contends that the trial court erred in refusing to exclude testimony by the arresting officer that his partner had been killed in the line of duty several months after his (the appellant's)

arrest. The appellant argues that this evidence "was . . . prejudicial to [him], in that it placed upon [him] an inappropriate burden of an implied presumption that the death of [the officer] was somehow caused by or connected with the charges against [him]." However, there was not the faintest implication that the appellant had been in any way responsible for the officer's death. Indeed, the only testimony on this point was to the contrary. Consequently, we find this contention also to be without merit.

3. The appellant contends that he was improperly prevented from cross-examining the arresting officer on the issue of whether he (the appellant) could have observed the contents of the brown paper bag containing the cocaine prior to his arrest. The questions which the appellant's counsel was prevented from asking in this regard were as follows: (1) "You can't testify that there is not even a reasonable doubt that the defendant didn't know what was inside that bag, correct?" and (2) "There was doubt in your mind as to whether or not [the defendant] knew what was in that bag, correct?" The state's objection to the first of these questions was properly sustained on the ground that it called for a legal conclusion, and its objection to the second was properly sustained on the ground that it sought irrelevant testimony concerning the witness' belief about what the appellant knew or did not know. While the appellant's counsel was entitled to ask the witness whether he had observed the appellant look inside the bag or whether he otherwise had reason to believe the appellant knew what was inside it, no such questions were asked. This enumeration of error is without merit.

4. The evidence, construed in the light most favorable to the verdict, was sufficient to enable a rational trier of fact to find the appellant guilty of the offense charged beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

5. We have carefully considered the appellant's remaining enumerations of error and find them to be without merit.

*Judgment affirmed. Carley, C. J., Deen, P. J., McMurray, P. J., Birdsong, Sognier and Pope, JJ., concur. Beasley, J., concurs in judgment only as to Division 1. Cooper, J., dissents.*

COOPER, Judge, dissenting.

I concur with the majority except as to Division 1. I dissent to that Division because I believe the trial court abused its discretion in overruling appellant's motion for a mistrial on the basis of the prosecutor's repeated violations of the trial court's ruling on appellant's motion in limine.

Prior to the trial of the case, the court granted appellant's motion to exclude all references to the area where appellant was arrested as a

"known drug area" and stated: "Well, the court would sustain your motion in limine and direct the district attorney to inform his witnesses that not to use the expression this strip shopping area was a known drug area or I knew it to be a drug area. The officer, if its correct and true and is asked to testify he was or whatever the facts are on a detail connected with the goal of arresting persons charged, arresting persons dealing in drugs, the community in this area, he was working this area and leave out the word known, I was there because it was a known drug area. Leave out those words, known drug area." (Indention omitted.) In spite of this very clear and specific evidentiary ruling, the prosecutor continuously referred to the area where appellant was arrested as a "known drug area," including several times during his opening statement and closing argument. The majority is of the opinion that the fact that the shopping plaza was known by the officers to be an area where drugs were sold was relevant to explain the officer's conduct in placing the area under surveillance. However, the prosecutor's remarks were not confined to explaining the officer's conduct and gave the impression that appellant knew the area was a "known drug area." That was exactly the prejudicial effect sought to be avoided through the motion in limine. Although the trial court after each violation gave curative instructions to the jury, I cannot conclude as the majority did that these improper references were not prejudicial to appellant. A motion in limine allows the court to exclude reference to certain matters deemed prejudicial prior to their utterance in front of a jury. See *Harley-Davidson Motor Co. v. Daniel,* 149 Ga. App. 120 (1) (253 SE2d 783) (1979). The trial court deemed references to "known drug area" to be too irrelevant to outweigh the prejudicial effect it could have on appellant's case. "The trial court has an absolute right to refuse to decide the admissibility of evidence, allegedly violative of some ordinary rule of evidence, prior to trial. [Cits.] If, however, the trial court decides to rule on the admissibility of evidence prior to trial, the court's determination of admissibility is similar 'to a preliminary ruling on evidence at a pretrial conference' and it ' "*controls* the subsequent course of action, unless modified at trial to prevent manifest injustice." ' [Cit.]" *State v. Johnston,* 249 Ga. 413 (3) (291 SE2d 543) (1982). The trial court's ruling prior to trial was tantamount to the court's declaration that the matters were too prejudicial and irrelevant to be uttered in front of a jury. The cumulative effect of allowing the prosecutor to repeatedly violate the ruling during the course of trial with nothing more than curative instructions did little to give effect to the preliminary ruling and, in my opinion made it "highly probable" that the error contributed to the conviction. Compare *Jones v. State,* 159 Ga. App. 704 (2) (285 SE2d 45) (1981).

Under OCGA § 17-8-75 the trial court, in its discretion, may

grant a mistrial if prejudicial remarks are made by the prosecutor in the presence of the jury. While recognizing that the trial judge is vested with broad discretion in passing upon a motion for mistrial, it is my belief that excusing the prosecutor for his repeated violations of the trial court's ruling, instead of declaring a mistrial because of the cumulative prejudicial effect those violations had on appellant, constituted a manifest abuse of discretion; therefore, I respectfully dissent.

DECIDED SEPTEMBER 4, 1990.

*Fredric W. Tokars*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, William L. Hawthorne III, Carl P. Greenberg, Assistant District Attorneys*, for appellee.